# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | | |
|---|---|---|
| Isaac Ladson, | ) | |
| | ) | |
| Plaintiff, | ) | No. 2:16-cv-02401-DCN |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| National Union Fire Insurance Company of Pittsburgh PA, | ) ) | |
| | ) | |
| Defendant. | ) ) | |

This matter comes before the court on defendant National Union Fire Insurance Company of Pittsburgh PA's ("National Union") motion to dismiss or for summary judgment, ECF No. 40. For the reasons set forth below, the court denies without prejudice the motion to dismiss or for summary judgment and grants the plaintiff leave to file an amended complaint.

## I. BACKGROUND[1]

This case arises from a dispute over an insurance policy between Plaintiff Isaac Ladson ("Ladson") and National Union. In 2008, Ladson obtained a Blanket Accident Insurance Policy ("Policy") from National Union through his wife's employer, Bank of America. ECF No. 40 at 2. Ladson alleges that in July 2010 he was injured in a one car accident, after which he claims to have developed "severe memory loss and severe cognitive impairments with episodes of total loss of memory." ECF No. 45 at 1. In

---

[1] As Ladson's complaint is devoid of any helpful facts, the court relies mostly on Ladson's response to National Union's motion, unless otherwise specified.

1

December 2010, Ladson submitted a claim for disability benefits under the Policy, and alleges that he only received the denial of his claim in July 2015.  Id. at 1–2.

Ladson filed the instant action in the Charleston County Court of Common Pleas on May 16, 2016, alleging causes of action for breach of contract and bad faith, and requesting a declaratory judgment regarding his rights under the Policy.  ECF No. 1-1. National Union removed the case on July 1, 2016.  ECF No. 1.  On December 18, 2017, National Union filed its motion to dismiss or motion for summary judgment, ECF No. 40, having first raised a motion to dismiss based on Rule 12(b)(6) in its Answer, ECF No. 5 ¶ 25.  On January 23, 2018, Ladson filed his response to the motion, ECF No. 45, and on March 22, 2018, he filed a supplement to this response, ECF No. 53.  On February 6, 2018, National Union filed its reply to Ladson's response, ECF No. 52, and on April 3, 2018, it filed its reply to Lasdon's supplement, ECF No. 56.  The court held a hearing on April 25, 2018.  The motion has been fully briefed and is now ripe for the court's review.

## II.  STANDARD

### A.  Motion to Dismiss

A Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted "challenges the legal sufficiency of a complaint."  Francis v. Giacomelli, 588 F.3d 186, 192 (4th Cir. 2009) (citations omitted); see also Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) ("A motion to dismiss under Rule 12(b)(6) . . . does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.").  To be legally sufficient, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  A Rule 12(b)(6) motion should not be granted unless it appears certain that the

plaintiff can prove no set of facts that would support his claim and would entitle him to relief. Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). When considering a Rule 12(b)(6) motion, the court should accept all well-pleaded allegations as true and should view the complaint in a light most favorable to the plaintiff. Ostrzenski v. Seigel, 177 F.3d 245, 251 (4th Cir.1999); Mylan Labs., Inc., 7 F.3d at 1134. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

    B.    **Motion for Summary Judgment**

Summary judgment shall be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Id. at 248. "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."

Id. "[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Id. at 249. The court should view the evidence in the light most favorable to the non-moving party and draw all inferences in its favor. Id. at 255.

### III. DISCUSSION

National Union brings the following main arguments in its motion: (1) the complaint should be dismissed because it does not allege facts sufficient to constitute a cause of action, and (2) Ladson's cognitive issue were pre-existing health conditions and not the result of an injury as required by the Policy in order for him to obtain disability benefits. ECF No. 40 at 9.

**A. Failure to State a Claim**

National Union argues that the "complaint contains only conclusory allegations and lacks sufficient factual matter to state a plausible claim for relief under the policy." ECF No. 40 at 10. The very short complaint consists of only 23 sentences, the following being the most pertinent:

> 4. That heretofore the Defendant issued a policy of insurance that purported to be a Blanket Accident and Health Insurance Policy # 9540523-449798, to Marissa Ladson, as Policy Holder Marissa Ladson and Plaintiff Isaac Ladson, her spouse as can be seen on the exhibit A.
>
> 5. The policy so issued provided for benefits in the event the insured became totally disabled as follows:
>> PERMANENT TOTAL DISABILITY BENEFIT LUMP SUM BENEFIT, If, as a result of an injury, the insured Person is rendered Permanently Totally Disabled within 90 days of the accident that caused the Injury, the Company will pay 100% of the Maximum Amount at the end of 12 consecutive months of such Permanent Total Disability.
>
> as can be seen on the exhibit A.
>
> 6. 100% of the Maximum Amount of the policy is $500,000.

4

> 7. A Blanket Accident and Health Insurance policy is defined by S.C. Code Ann. § 38-71-1010 to be that form of accident and health insurance covering special groups of individuals as enumerated.
>
> 8. Blanket policies are [sic] not required to contain certain provisions required of individual Accident and Health policies pursuant to S.C. Code Ann. § 38-71-1020.
>
> 9. The policy issued by Defendant in this case was not issued to provide coverage for any of the special groups as enumerated as provided for by S.C. Code Ann. § 38-71-1010.
>
> 10. As a result, the policy issue by Defendant in this case does not qualify for exemption from the certain provisions required of individual Accident and Health policies.
>
> 11. At all times relevant hereto the Plaintiff is unable to perform the material duties of his occupation or any occupation by reason of a condition due to an injury or illness.
>
> 12. That at all times relevant hereto Plaintiff is totally disabled as defined by S.C. Code Ann. § 38-71-340 and the regulations promulgated thereunder.
>
> 13. Plaintiff is entitled to benefits under the policy issued by Defendant.
>
> 14. That despite repeated demands, the Defendant failed and refused, and continues to fail and refuse to provide Plaintiff with full benefits for the disability claim under the policy.

ECF No. 1-1. Following ¶ 14, Ladson lists his three causes of action—breach of contract, bad faith, and a request for a declaratory judgment—in a very bare-bones manner without adding any facts or legal arguments. Based on the above paragraphs, the court cannot determine on what legal basis Ladson is bringing his claim. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim

has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Ladson clearly indicates that he believes he is entitled to benefits under the policy. However, the only facts alleged in this complaint are that National Union issued the policy to Marissa and Isaac Ladson, that Ladson is totally disabled, and that National Union refuses to provide him benefits. Ladson then quotes a portion of the Policy before making a few summary statements about S.C. statutes related to insurance policies and concluding that he is entitled to benefits under the policies. There is no information about the accident, about Ladson's injuries that might support his claim for disability, the content of his claim, or National Union's reason for denying the claim. Most significantly, Ladson makes no argument for why this court should overturn National Union's decision to decline his claim and now grant him benefits.

The only additional information in the complaint is found in paragraphs 7–10, which summarize various sections of the South Carolina Code related to insurance policies, before concluding that "the policy issued by Defendant in this case does not qualify for exemption from the certain provisions required of individual Accident and Health policies." ECF No. 1-1 ¶ 10. Ladson does nothing to tie it to this particular policy or explain why this reference to the state statutes should result in this court granting him benefits under the policy.

It is only in Ladson's response to the motion to dismiss that he elaborates on this and actually posits an argument. Ladson first notes that National Union denied his claim because his "condition of head injury does not qualify under the Permanent Total Disability policy provision as [he] did not suffer from the following: Loss of both hands

6

or feet; or loss of one hand and one foot; or loss of sight in both eyes; or Hemiplegia; or Paraplegia; or Quadriplegia." ECF No. 45 at 2 quoting 45-4 Ex. Denial Letter. Ladson argues that, due to this being the only reason for denial of the claim, the only thing he needed to challenge in his complaint was the "legality of the definition of total disability." Id. at 6. Ladson also argued that National Union's

> restrictive definition of disability is not authorized for use in Plaintiff's policy, it may only be used in 'blanket insurance policies.' Plaintiff's policy was not an authorized blanket policy. Plaintiff's policy was issued by AIG and National Union as part of a scheme which involved fraudulent advertising, marketing, and sale of purported blanket disability insurance to South Carolina residents who were not members of any group for which such an insurance product was authorized. Thus, purported insurance coverage was marketed and sold to customers of Bank of America, [Mrs. Ladson's employer,] despite Defendant's knowledge that the product was not authorized by South Carolina law.

Id. at 3. None of these arguments were raised or even hinted at in the complaint. Ladson claims in his response that his complaint only needed to challenge the legality of National Union's definition of total disability in his complaint, and not any other potential grounds for National Union's denial of his claim for coverage, and yet he does not even raise this challenge in the complaint.

The court cannot consider these arguments on a motion to dismiss if they or the facts upon which they are based were not raised in the complaint, as "the complaint may not be amended by the briefs in opposition to a motion to dismiss." Mylan Labs., Inc. v. Akzo, N.V., 770 F.Supp. 1053, 1068 (D. Md. 1991) (quoting Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101 (7th Cir. 1984)). The court in Marsh v. Virginia Dept. of Transp., 2014 WL 6833927, at *8 (W.D. Va. Dec. 3, 2014) reasoned that to allow a plaintiff to assert new claims by raising them in his brief in opposition to the motion to dismiss "would mean that a party would unilaterally amend a complaint at will, even

without filing an amendment, and simply by raising a point in a brief." I agree. None of the factual or legal allegations around this "definition of total disability" arguments found in the original complaint. The court therefore cannot consider any of these allegations in resolving the motion to dismiss.

While the court would be justified in granting the motion to dismiss, it prefers to grant Ladson leave to file an amended complaint that fully incorporates the facts and arguments he raises in his response to the motion to dismiss. This will give the court the opportunity to properly analyze the substantive arguments that have been submitted by both parties surrounding this motion to dismiss.

### B. Definition of Injury under the Policy

National Union's second basis for its motion is that Ladson did not suffer an injury as defined by the policy, and thus was not entitled to disability benefits under those terms. ECF No. 40 at 11. It contents that "[t]he policy at issue herein is not a disability policy[, but] an accident policy," and that "before the issue of disability can be implicated, there must be a covered event – an accident which causes the disabling bodily injury." Id. Here, National Union argues that Ladson's current medical state is not a result of the car accident, but was a pre-existing condition—specifically, he had a history of seizures and that an episode caused him to crash the car, rather than the accident causing his current mental disabilities. Thus, under the terms of the policy, National Union contends that Ladson's current alleged disability does not qualify as a "disability stemming from an accident," and he is not entitled to benefits under the Policy. Id.

Ladson responds that he is not required to establish that his disability was caused by an accident, because his claim is not about whether National Union incorrectly

classified his disability as resulting from an accident or not.  Rather, Ladson argues the basis of his claim is that the policy's definition of disability itself violates South Carolina law.  However, Ladson does argue in the alternative that, even if the court were to consider National Union's argument, there is a genuine issue of material fact as to what caused Ladson's disability.  Id. at 7.

All of these legal arguments and factual allegations that Ladson raises in his response and supplemental response to National Union's motion to dismiss should have been raised in the complaint.

## IV.   CONCLUSION

Based on the above, the court **DENIES WITHOUT PREJUDICE** the motion to dismiss or for summary judgment and grants Ladson leave to file a new complaint.

**AND IT IS SO ORDERED.**

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**April 30, 2018**
**Charleston, South Carolina**